IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | **8:20CR191** |
| vs. | |
| GREGORY NEEMANN, | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter comes before the Court on initial review of Defendant's, Gregory Neemann's, motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, Filing No. 203, and motion to file oversize § 2255 motion, Filing No. 205. For the reasons set forth herein, the Court finds two of Neemann's claim survive initial review, appoints him counsel, grants him leave to file additional evidence, and orders the United States to respond.

## I.    BACKGROUND

Neemann was originally indicted for conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine on July 24, 2020. Filing No. 1. The United States filed a superseding indictment on January 21, 2021, alleging the same charges but adding that Neemann should receive an enhanced sentence under 21 U.S.C. § 851 for having a prior qualifying drug conviction. Filing No. 65. On December 10, 2021, Neemann pleaded guilty to a superseding indictment without a plea agreement. Filing No. 133. In support of the enhancement under § 851, the United States alleged Neemann had been convicted of a serious drug felony and received a sentence of more than 12 months for which his release from imprisonment was within 15 years of the

1

commence of the instant offenses.  Filing No. 68.  At sentencing, Neemann's attorney challenged the conviction underlying the § 851 enhancement for falling outside the relevant lookback period.  Filing No. 185 at 4.  The Court found the enhancement applied and sentenced Neemann to two consecutive terms of 180 months' incarceration, to be served concurrently.  Filing No. 163.

## II.    ANALYSIS

Neemann now files a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence based on the allegedly ineffective assistance of his counsel.

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors.  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

Under the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must perform an initial review of the defendant's § 2255 motion.  *See* 28 U.S.C. § 2255, Rule 4(b).  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  *Id.*

Claims of ineffective assistance of counsel require a showing "(1) that [the] attorney's performance was deficient, falling below professional standards of competence; and (2) that the deficient performance prejudiced [the] defense." *Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "In assessing counsel's performance, courts defer to reasonable trial strategies and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689).  A showing of prejudice requires a determination by the court that "there is a reasonable probability [sufficient to undermine confidence in the outcome] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).  The burden of proving ineffective assistance of counsel rests with the defendant. *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)).

Neemann's petition is timely as he filed it within one year from the expiration of the time within which to file a petition for certiorari from the Eighth Circuit Court of Appeals' order.  Neemann alleges his counsel was ineffective for four reasons: 1) for failing to advise him that he could have avoided an enhanced sentence by pleading guilty before a superseding indictment was filed; 2) for failure to effectively challenge the prior conviction used to enhance his sentence; 3) for advising Neemann he could get a lower sentence; and 4) for failing to file a motion to suppress.

*1.  Failure to Advise Regarding the Timing of a Guilty Plea*

Neemann first alleges his counsel was ineffective for failing to advise him that if he pleaded guilty immediately upon being charged, he could have avoided the United States

3

filing a superseding indictment with the 851 enhancement, thereby ensuring he would have received a lesser sentence. Filing No. 204 at 7–8.

Counsel has a duty to inform the defendant of the applicable law. *See Hill v. Lockhart*, 474 U.S. 52, 62, 106 S. Ct. 366, 372, 88 L. Ed. 2d 203 (1985) (White, J., concurring) (recognizing "the failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis"); *accord Wanatee v. Ault*, 39 F. Supp. 2d 1164, 1172 (N.D. Iowa 1999) (acknowledging "counsel's duty to inform the defendant of the law applicable to the defendant's case, so that the defendant can evaluate a plea offer"). On the other hand, the Court is deferential to the professional discretion of counsel when it comes to matters of strategy. *See United States v. Villalpando*, 259 F.3d 934, 939 (8th Cir. 2001).

Neemann's assertion of ineffective assistance is potentially cognizable if he can demonstrate that his counsel failed to or incorrectly informed him of the law regarding his ability to plead guilty. However, to the extent the evidence shows trial counsel advised Neemann to the best of his ability with the information available at the early stages of the case, it would fail to substantiate ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 681 (1984) ("Limitations of time and money . . . may force early strategic choices [and t]hose strategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based."). That is, a strategic decision not to enter into a guilty plea before discovery is completed would not necessarily be ineffective, especially if counsel did not have complete information regarding Neemann's criminal history and was unable to anticipate the potential filing of the § 851 enhancement. Therefore, this highly fact-

dependent claim survives the Court's initial review. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) ("Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists.").

### 2. *Failing to Challenge the Prior Conviction Used in the 851 Enhancement*

Neemann next argues his counsel was ineffective in the strategy he utilized to challenge the § 851 enhancement. Neemann's attorney argued the prior conviction should not qualify as a predicate offense for the enhancement because it fell outside the fifteen-year lookback period. His argument was that Neemann was only serving a sentence for a supervised release violation during the lookback period but that his initial sentence was already complete. The sentencing court and Eighth Circuit Court of Appeals rejected this argument. Filing No. 163; Filing No. 199. Neemann argues his counsel should have instead argued that the sentence he received for his prior conviction was unconstitutional and should have been a lesser sentence. He argues that earlier sentence was based on an improper finding he was a career offender. He claims subsequent case law finding the residual clause of the Armed Career Criminal Act would extend to invalidate the finding he was a career criminal. *See* Filing No. 204 at 9–10.

Neemann's argument fails to demonstrate ineffective assistance of counsel. First, 21 U.S.C. § 851(e) allows a defendant to collaterally attack the validity of a prior conviction used for enhancement purposes but limits such attack to convictions occurring within five years before the filing of the information in the case in which he is being sentenced. *See* 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred

5

more than five years before the date of the information alleging such prior conviction."). Neemann's counsel cannot have been ineffective for failing to raise an argument that would have been meritless for exceeding the period during which collateral review was available.

Second, even if Neemann's counsel were somehow able to collaterally attack his prior conviction in spite of § 851(e)'s time bar, the argument still would have failed.  The United States Supreme Court has prohibited collateral challenges to prior convictions except for those based on ineffective assistance of counsel.  Neemann argues his prior sentence was unconstitutionally long, but his argument is based on cases concerning the invalidity of the residual clause of the ACCA that occurred well after his sentencing.  *See* Filing No. 204 at 9 (citing *Johnson v. United States*, 576 U.S 591 (2015)).  Counsel in that case could not have been ineffective for failing to anticipate a change in the law.  *See* *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("Counsel is not accountable for unknown future changes in the law.").  Therefore, a collateral attack on Neemann's prior sentence would have been unsuccessful even if his counsel had raised the argument Neemann now seeks to advance.[1]  Because he has not alleged conduct that would constitute deficient performance, his allegation of ineffective assistance of counsel in this regard fails.

### 3. Advising Neemann He Would Get a Lesser Sentence than the 851 Enhancement Provided

Neemann next claims his counsel was ineffective "when he advised me that I may still receive a sentence less than 180 months" when, in fact, the § 851 enhancement

---

[1] Neemann also appears to confuse the Armed Career Criminal Act and the career offender enhancement under the U.S. Sentencing Guidelines, but because his argument fails for other reasons, the Court need not further address the issue.

would preclude such a lesser sentence. Filing No. 204 at 9–10. First, this allegation does not support that Neemann's counsel acted deficiently. Because Neemann's counsel intended to challenge the applicability of the § 851 enhancement (albeit ultimately unsuccessfully), it was not an inaccurate statement to say that Neemann "may" receive a sentence less than 180 months.

Additionally, the Eighth Circuit has held that where a defendant was properly advised of the applicable statutory minimums and maximums, "the failure of [his] lawyer to inform him of th[e] possibility [of an enhancement] did not establish that his lawyer's 'representation fell below an objective standard of reasonableness.'" *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994) (quoting *Baxter v. United States*, 966 F.2d 387, 389 (8th Cir. 1992)). Here, the record shows Neemann was properly advised of the statutory sentencing range at his plea hearing. Filing No. 184. Furthermore, Neemann's counsel explained at the sentencing hearing that he had also discussed "best case" and "worst case" scenarios with Neemann regarding his potential sentence. Filing No. 184 at 8–9. Accordingly, the record belies Neemann's claim that counsel performed deficiently, and this claim must be denied.

### 4. Failure to File Motion to Suppress

Neemann's final claim makes passing reference to several alleged failures in his counsel's pretrial litigation and investigation but elaborates on only one: that Neemann's counsel should have moved to suppress the stop and seizure of his vehicle which resulted in the finding of methamphetamine. Filing No. 204 at 10–11. Neemann asserts that while law enforcement served a search warrant on his residence, other officers stopped the vehicle he was driving because they "were asked to detain [him] while the Omaha

7

narcotics task force serve[d] a search warrant on [his] residence." Filing No. 204 at 10. The stop of the vehicle ultimately led to Neemann's arrest and the seizure of methamphetamine which was the basis for the charge in the present case.

In *Michigan v. Summers*, 452 U.S. 692 (1981), the Supreme Court approved of law enforcement detaining a resident during the execution of a search warrant on his or her house for officer safety and efficiency and to ensure the resident does not flee. *See Michigan v. Summers*, 452 U.S. at 704–05 ("If the evidence that a citizen's residence is harboring contraband is sufficient to persuade a judicial officer that an invasion of the citizen's privacy is justified, it is constitutionally reasonable to require that citizen to remain while officers of the law execute a valid warrant to search his home."). However, the Supreme Court later limited the reach of the rule by holding that such detention is limited to the "immediate vicinity" of the premises to be searched and does not extend to detaining a resident "wherever he may be found away from the scene of the search." *Bailey v. United States*, 568 U.S. 186, 199 (2013). Therefore, if Neemann can prove his allegations, his argument that his counsel was ineffective for failing to file a motion to suppress may have merit.

5. *Request for Counsel, Request to File Oversize § 2255 Motion, and Government Response*

Neemann requests the Court appoint him counsel in this matter. Because the Court finds two of his claims survive initial review, it will grant his request for appointed counsel.

Neemann seeks leave to file an "oversize § 2555" motion "[d]ue to the complexity of the issues being addressed in this petitioners [sic] § 2255 motion and the need to present documents supporting said claims." Filing No. 205 at 1. Neemann may file any

additional documents in support of the claims contained in his motion as discussed herein. He may not file any new claims.

Lastly, the Court will also require the United States to respond to Neemann's two remaining claims.

Accordingly, IT IS ORDERED:

1. Neemann's claims of ineffective assistance of counsel for failing to advise him regarding the law surrounding pleading guilty and for failing to file a motion to suppress under 28 U.S.C. § 2255 survive the Court's initial review. His remaining claims are dismissed.

2. The Federal Public Defender for the District of Nebraska is appointed to represent Neemann in this matter. If the Federal Public Defender accepts this appointment, the Federal Public Defender shall forthwith file an appearance in this matter. In the event the Federal Public Defender should decline this appointment for reason of conflict or based on the Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA form 20) bearing the name and other identifying information of the CJA panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

3. Neemann's Motion Requesting Permission to File Oversize § 2255, Filing No. 205, is granted to the extent he may file additional supporting documents within 60 days of the date of this order. He may not file any additional claims without further leave of the Court.

4.  Within 30 days of Neemann filing additional supporting documents, the United

States is ordered to respond to Neemann's § 2255 motion, including

addressing whether the United States believes an evidentiary hearing is

warranted.

Dated this 5th day of March, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge